UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEATHA DIANNELLA JACKSON                      CIVIL ACTION

VERSUS                                                      NO. 23-2206

ALLSTATE INSURANCE COMPANY,              SECTION "R" (1)
ET AL.

## ORDER AND REASONS

Before the Court is defendants Deani Milano and Mindy Geiger's motion to dismiss[1] and defendant Adam Bosso's motion to dismiss.[2]  Both motions are opposed.[3]  For the following reasons, the Court grants the motions.

## I.    BACKGROUND

Plaintiff Leatha Jackson filed this action *pro se* and *in forma pauperis* on June 26, 2023.[4]  In her complaint, she alleges that she filed a claim on August 29, 2021, seeking to recover under a flood insurance policy for

---

[1]    R. Doc. 21.
[2]    R. Doc. 15.
[3]    R. Doc. 22.
[4]    R. Doc. 1.

damage to a property in New Orleans, Louisiana.[5]  The action she refers to was dismissed with prejudice on July 27, 2023.[6]  In the present action, Jackson seeks to recover $160,000 for property damage as well as damages for emotional distress, pain, and "all payment that [she] didn't receive" for damage to the property.[7]  Jackson alleges diversity and federal question jurisdiction.[8]  Defendants Deani Milano, Mindy Geiger, and Adam Bosso contend that this Court lacks jurisdiction because there is no federal question at issue, and the parties are not diverse.[9]

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal statutes.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  The Court must "consider the . . . jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).  If a district court lacks jurisdiction over the subject matter of a plaintiff's claims,

---

[5]     *Id.* at 5.
[6]     *Jackson v. Allstate Insurance Company*, No. 22-2385, R. Doc. 28.
[7]     R. Doc. 1 at 5.
[8]     *Id.* at 4.
[9]     R. Doc. 15-2; R. Doc. 21-1.

dismissal is required.  *See* Fed. R. Civ. P. 12(b)(1).  The lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court.  *See Kontrick v. Ryan*, 540 U.S. 443, 456 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction sua sponte.").  A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasedena*, 561 F.2d 606, 608 (5th Cir. 1977).

When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012).  Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits.  *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015).

A court has federal question jurisdiction when the plaintiff's claim arises under the Constitution, laws, or treaties of the United States.  28 U.S.C.

3

§ 1331.  A claim arises under federal law when federal law creates the cause of action.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  When "a private citizen relies on a federal statute as the basis of federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute."  *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986)).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants.  *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity.  *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

## III.   DISCUSSION

Plaintiff points to no federal law that might give rise to federal question jurisdiction in this case.  *See Vela v. Manning*, 469 F. App'x 319, 321 (5th Cir. 2012) ("[A] federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." (quoting *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th

Cir. 2011)).  As to diversity jurisdiction, plaintiff's complaint alleges that she is a citizen of Louisiana, and that purported defendant "Neilsen & Treas" is a corporate citizen of Louisiana.[10]  She also sued attorneys Adam Bosso, Kevin Riche, Deani Milano, and non-attorney Mindy Geiger as defendants, listing their addresses in Louisiana.[11]  Defendant Bosso moves to dismiss on the grounds that there is no diversity of citizenship because he is a citizen of Louisiana, as are defendants Riche, Milano, and Geiger.[12]  Defendants Milano and Geiger's motion to dismiss similarly states that most of the defendants in this case, like the plaintiff, are citizens of Louisiana.[13]  Plaintiff does not offer any contrary evidence of the parties' citizenship.  Accordingly, the Court finds that complete diversity is lacking.  The action must be dismissed for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

---

[10]  R. Doc. 1 at 5.
[11]  *Id.* at 2.
[12]  R. Doc. 15-2 at 2-3.
[13]  R. Doc. 21-1 at 6.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS the motions to dismiss. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  All pending motions in the case[14] are DISMISSED as moot.

New Orleans, Louisiana, this ___1st___ day of November, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14]     R. Docs. 20.